Rachel Repka (State Bar No. 248331)
rachel.repka@snrdenton.com
**SNR DENTON US LLP**
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310

Mark L. Hogge (To be admitted *Pro Hac Vice)*
mark.hogge@snrdenton.com
**SNR DENTON US LLP**
1301 K Street, N.W., Suite 600
Washington, D.C. 20005
Telephone: (202) 408-6400
Facsimile: (202) 408-6399

Joel N. Bock (To be admitted *Pro Hac Vice)*
joel.bock@snrdenton.com
**SNR DENTON US LLP**
101 JFK Parkway
Short Hills, NJ 07078-2708
Telephone: (973) 912-7100
Facsimile: (973) 912-7199

*Attorneys for Defendant*
**EXPRESS MD SOLUTIONS, LLC**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| Robert Bosch Healthcare Systems, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Express MD Solutions, LLC,<br><br>Defendant. | Case No. 5:12-cv-00068-PSG<br><br>**ANSWER AND COUNTERCLAIMS TO BOSCH HEALTH SYSTEMS, INC.'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Express MD Solutions ("ExpressMD") submits the following Answer to Plaintiff Robert Bosch Healthcare Systems, Inc.'s ("Bosch") Complaint (the "Complaint"):

## PARTIES

1. ExpressMD lacks knowledge or information to form a belief regarding the allegations of paragraph 1 of the Complaint and therefore denies them.

2. ExpressMD admits that it is a Delaware limited liability corporation with its principal place of business at 300 Connell Drive, Suite 5100, Berkeley Heights, New Jersey 07922.

## JURISDICTION AND VENUE

3. ExpressMD admits that Bosch purports to claim patent infringement under Title 35 of the United States Code, and that Bosch purports to base federal jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). ExpressMD admits that Bosch purports venue is proper in this district. ExpressMD denies any and all remaining allegations and/or legal conclusions contained in paragraph 3 of the Complaint.

## INTRADISTRICT ASSIGNMENT

4. ExpressMD denies that a substantial part of the events or omissions which give rise to Bosch's claim occurred in the County of Santa Clara. ExpressMD lacks knowledge or information to form a belief regarding Bosch's principal place of business and therefore denies this allegation. ExpressMD denies any and all remaining allegations and/or legal conclusions contained in paragraph 4 of the Complaint.

## FACTUAL BACKGROUND

### The Patents-In-Suit

5. ExpressMD admits that what purports to be U.S. Patent No. 5,997,476 ("the '476 Patent") is attached to the Complaint as Exhibit A. ExpressMD admits that the '476 Patent states on its face that it issued on December 7, 1999, that the inventor is Stephen J. Brown, and that the '476 Patent is entitled "Network System for Interactive Communication and Remote Monitoring of Individuals." Except as otherwise expressly admitted, ExpressMD lacks sufficient information to admit or deny, and on that basis denies the remaining allegations in paragraph 5 of the Complaint.

6. ExpressMD admits that what purports to be U.S. Patent No. 6,334,778 B1 ("the '778 Patent") is attached to the Complaint as Exhibit B. ExpressMD admits that the '778 Patent states on its face that it issued on January 1, 2002, that the inventor is Stephen J. Brown, and that the '778 Patent is entitled "Remote Psychological Diagnosis and Monitoring System." Except as

otherwise expressly admitted, ExpressMD lacks sufficient information to admit or deny, and on that basis denies the remaining allegations in paragraph 6 of the Complaint.

7. ExpressMD admits that what purports to be U.S. Patent No. 6,368,273 B1 ("the '273 Patent") is attached to the Complaint as Exhibit C. ExpressMD admits that the '273 Patent states on its face that it issued on April 9, 2002, that the inventor is Stephen J. Brown, and that the '273 Patent is entitled "Network System for Interactive Communication and Remote Monitoring of Individuals." Except as otherwise expressly admitted, ExpressMD lacks sufficient information to admit or deny, and on that basis denies the remaining allegations in paragraph 7 of the Complaint.

8. ExpressMD admits that what purports to be U.S. Patent No. 6,968,375 B1 ("the '375 Patent") is attached to the Complaint as Exhibit D. ExpressMD admits that the '375 Patent states on its face that it issued on November 22, 2005, that the inventor is Stephen J. Brown, and that the '375 Patent is entitled "Network System for Interactive Communication and Remote Monitoring of Individuals." Except as otherwise expressly admitted, ExpressMD lacks sufficient information to admit or deny, and on that basis denies the remaining allegations in paragraph 8 of the Complaint.

9. ExpressMD admits that what purports to be U.S. Patent No. 7,223,236 ("the '236 Patent") is attached to the Complaint as Exhibit E. ExpressMD admits that the '236 Patent states on its face that it issued on May 29, 2007, that the inventor is Stephen James Brown, and that the '236 Patent is entitled "System and Method for Monitoring User-Related Data From a Person." Except as otherwise expressly admitted, ExpressMD lacks sufficient information to admit or deny, and on that basis denies the remaining allegations in paragraph 9 of the Complaint.

10. ExpressMD lacks knowledge or information to form a belief regarding the allegations of paragraph 10 of the Complaint and therefore denies them.

**ExpressMD's Infringing Systems**

11. ExpressMD admits that it sells and offers for sale "ExpressMD™ Electronic House Call™". ExpressMD denies any and all remaining allegations and/or legal conclusions contained in paragraph 11 of the Complaint.

12. ExpressMD denies each and every allegation and/or legal conclusions in paragraph 12 of the Complaint.

13. ExpressMD admits that the Electronic House Call takes patient vital signs using the latest in wired and wireless peripherals. Supported peripherals such as weight scale, blood pressure monitor, glucose meter, pulse oximeter, CPAP. ExpressMD denies any and all remaining allegations and/or legal conclusions contained in paragraph 13 of the Complaint.

14. ExpressMD admits that one of the Electronic House Call's product features is communicating with web service via cellular, phone line or Ethernet. ExpressMD denies any and all remaining allegations and/or legal conclusions contained in paragraph 14 of the Complaint.

15. ExpressMD admits that clinicians provide questions for the patients to answer to assist in evaluating the patient's condition. ExpressMD denies any and all remaining allegations and/or legal conclusions contained in paragraph 15 of the Complaint.

16. ExpressMD admits that clinicians can remotely customize the session questions. ExpressMD denies any and all remaining allegations and/or legal conclusions contained in paragraph 16 of the Complaint.

17. ExpressMD admits that clinicians provide medication reminders to patients and can remotely customize medication reminders. ExpressMD denies any and all remaining allegations and/or legal conclusions contained in paragraph 17 of the Complaint.

18. ExpressMD admits that one of the Electronic House Call's product features is video disease management education. ExpressMD denies any and all remaining allegations and/or legal conclusions contained in paragraph 18 of the Complaint.

19. ExpressMD admits that the ExpressMD™ Solutions secure online web application allows clinicians to manage their patients care plans in real time. ExpressMD denies any and all remaining allegations and/or legal conclusions contained in paragraph 19 of the Complaint.

**ExpressMD's Knowledge of the Patents-in-Suit**

20. ExpressMD denies each and every allegation and/or legal conclusion contained in paragraph 20 of the Complaint.

21. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 21 of the Complaint.

**COUNT-I -- INFRINGEMENT OF THE '476 PATENT**

22. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 22 of the Complaint.

23. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 23 of the Complaint.

24. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 24 of the Complaint.

25. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 25 of the Complaint.

**COUNT-II -- INFRINGEMENT OF THE '778 PATENT**

26. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 26 of the Complaint.

27. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 27 of the Complaint.

28. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 28 of the Complaint.

29. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 29 of the Complaint.

**COUNT-III -- INFRINGEMENT OF THE '273 PATENT**

30. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 30 of the Complaint.

31. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 31 of the Complaint.

32. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 32 of the Complaint.

33. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 33 of the Complaint.

**COUNT-IV -- INFRINGEMENT OF THE '375 PATENT**

34. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 34 of the Complaint.

35. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 35 of the Complaint.

36. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 36 of the Complaint.

37. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 37 of the Complaint.

**COUNT-V -- INFRINGEMENT OF THE '236 PATENT**

38. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 38 of the Complaint.

39. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 39 of the Complaint.

40. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 40 of the Complaint.

41. ExpressMD denies each and every allegation and/or legal conclusion in paragraph 41 of the Complaint.

**RELIEF REQUESTED**

ExpressMD denies that Bosch is entitled to any relief whatsoever, either as requested in Bosch's Complaint or otherwise.

**AFFIRMATIVE DEFENSES**

Further answering Bosch's Complaint, ExpressMD asserts the following defenses, without assuming any burden of proof that it would not otherwise bear. ExpressMD reserves the right to amend its answer as further information is obtained.

**FIRST AFFIRMATIVE DEFENSES**

**(Non-Infringement)**

42. ExpressMD does not infringe and has not infringed (either literally or under the doctrine of equivalents) any claim of the '476 Patent, '778 Patent, '273 Patent, '375 Patent, or '236 Patent.

**SECOND AFFIRMATIVE DEFENSES**

**(Invalidity)**

43. One or more asserted claims of the '476 Patent, '778 Patent, '273 Patent, '375 Patent, and '236 Patent are invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103 and 112.

**THIRD AFFIRMATIVE DEFENSES**

**(Equitable Defenses)**

44. Bosch's claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel, and/or waiver.

**FOURTH AFFIRMATIVE DEFENSES**

**(Prosecution History Estoppel)**

45. Bosch's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '476 Patent, '778 Patent, '273 Patent, '375 Patent, and '236 Patent.

46. Bosch's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during reexamination of the '273 Patent and '236 Patent.

**FIFTH AFFIRMATIVE DEFENSES**

**(Statutory Damages Limitations)**

47. Bosch's claims for damages is statutorily limited by 35 §§ 286 and/or 287.

/ / /

**SIXTH AFFIRMATIVE DEFENSES**

**(No Injunctive Relief)**

48. Bosch's claim for injunctive relief is barred because there exists an adequate remedy at law and Bosch's claims otherwise fail to meet the requirements for such relief.

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

In accordance with Rule 13 of the Federal Rules of Civil Procedure, ExpressMD asserts the following counterclaims against Bosch.

**THE PARTIES**

49. ExpressMD is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 300 Connell Drive, Suite 5100, Berkeley Heights, New Jersey 07922.

50. In paragraph 1 of the Complaint, Bosch alleges it is a Michigan corporation with its principal place of business at 2400 Geng Road, Suite 200, Palo Alto, California 94303.

51. This is an action for a declaration that ExpressMD does not infringe (either directly, jointly, contributorily, by inducement, or under the doctrine of equivalents) the claims of the '476 Patent, '778 Patent, '273 Patent, '375 Patent, and '236 Patent; and that the '476 Patent, '778 Patent, '273 Patent, '375 Patent, and '236 Patent are invalid.

**JURISDICTION AND VENUE**

52. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq.*

53. Venue is proper under 28 U.S.C. §1391.

54. In paragraph 10 of the Complaint, Bosch claims to be the owner by assignment of each of the Patents-in-Suit.

**FIRST COUNTERCLAIM FOR DECLARATORY RELIEF**

**(NONINFRINGEMENT)**

55. ExpressMD incorporates paragraphs 1-47 of the answer and the defenses herein and paragraphs 48-53 of the counterclaims as if fully set forth herein.

56. An actual and justiciable controversy exists between ExpressMD and Bosch with respect to non-infringement of the ’476 Patent, ’778 Patent, ’273 Patent, ’375 Patent, and ’236 Patent because Bosch has brought this action against ExpressMD alleging that it infringes the ’476 Patent, ’778 Patent, ’273 Patent, ’375 Patent, and ’236 Patent, and ExpressMD denies this allegation. Absent a declaration of noninfringement, Bosch will continue to wrongfully assert the ’476 Patent, ’778 Patent, ’273 Patent, ’375 Patent, and ’236 Patent against ExpressMD, and thereby cause ExpressMD irreparable injury and damage.

57. ExpressMD has not infringed and is not now infringing (either directly, jointly, contributorily, by inducement, or under the doctrine of equivalents) any claim of the ’476 Patent, ’778 Patent, ’273 Patent, ’375 Patent, and ’236 Patent.

## SECOND COUNTERCLAIM FOR DECLARATORY RELIEF

## (INVALIDITY)

58. ExpressMD incorporates paragraphs 1-47 of the answer and the defenses herein and paragraphs 48-53 of the counterclaims as if fully set forth herein.

59. An actual and justiciable controversy exists between ExpressMD and Bosch with respect to the invalidity of the ’476 Patent, ’778 Patent, ’273 Patent, ’375 Patent, and ’236 Patent because Bosch has brought this action against ExpressMD alleging that it infringes the ’476 Patent, ’778 Patent, ’273 Patent, ’375 Patent, and ’236 Patent, and ExpressMD denies this allegation. Absent a declaration of invalidity, Bosch will continue to wrongfully assert the ’476 Patent, ’778 Patent, ’273 Patent, ’375 Patent, and ’236 Patent against ExpressMD, and thereby cause ExpressMD irreparable injury and damage.

60. The ’476 Patent, ’778 Patent, ’273 Patent, ’375 Patent, and ’236 Patent are invalid, in whole or in part, for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq*., including, without limitation, sections 101, 102, 103 and 112.

## PRAYER FOR RELIEF

ExpressMD respectfully requests that the Court enter judgment of the following:

A. Dismiss Bosch’s Complaint with prejudice and enter judgment in favor of ExpressMD;

B. Deny all relief requested in Bosch's Complaint;

C. Enter a judgment deeming this to be an "exceptional" case within the meaning of 35 U.S.C. § 285 and entitling ExpressMD to an award of its reasonable attorneys' fees, expenses, and costs in this action;

D. Enter a declaratory judgment that ExpressMD does not infringe the '476 Patent, '778 Patent, '273 Patent, '375 Patent, and '236 Patent (either directly, jointly, contributorily, by inducement, or under the doctrine of equivalents);

E. Enter a declaratory judgment that the '476 Patent, '778 Patent, '273 Patent, '375 Patent, and '236 Patent are invalid;

F. Award ExpressMD all other just and proper relief.

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b) and Civil L.R. 3-6(a), ExpressMD hereby demands a trial by jury of all issues so triable.

Dated: January 27, 2012

Respectfully submitted,

By: */s/* Rachel Repka
Rachel Repka
SNR DENTON US LLP

*Attorneys for Defendant*
**EXPRESS MD SOLUTIONS, LLC**

**CERTIFICATE OF SERVICE**

I, Jocasta Wong, hereby declare:

I am employed in the City and County of Palo Alto, California in the office of a member of the bar of this court whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is SNR Denton US LLP, 1530 Page Mill Road, Suite 200, Palo Alto, California 94304.

On January 27, 2012, the following documents, described as:

**ANSWER AND COUNTERCLAIMS TO BOSCH HEALTH SYSTEMS, INC.'S COMPLAINT**

to be served via CM/ECF by the Clerk of the Court, upon all counsel of record registered to receive electronic filing, as indicated on the Court's website, or by United States Mail, upon those parties not registered for electronic filing.

I declare under penalty of perjury that the above is true and correct. Executed at Palo Alto, California, on January 27, 2012, in Palo Alto, California.

/s/ *Jocasta Wong*
Jocasta Wong