PATRICIA A. WELCH (SBN 127889)
E-MAIL: welch.patricia@dorsey.com
DORSEY & WHITNEY LLP
305 Lytton Ave.
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 857-1288

DOUGLAS F. STEWART (*Pro hac vice*)
E-Mail: stewart.douglas@dorsey.com
TODD S. FAIRCHILD (*Pro hac vice*)
E-Mail: fairchild.todd@dorsey.com
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: (206) 903-8800
Facsimile: (206) 903-8820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| Robert Bosch Healthcare Systems, Inc.<br><br>Plaintiff,<br><br>v.<br><br>ExpressMD Solutions LLC.<br><br>Defendant. | CASE NO.: 3:12-CV-00068 JW<br><br>**FIRST AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Robert Bosch Healthcare Systems, Inc. ("Bosch"), for its First Amended Complaint against Defendant ExpressMD Solutions LLC ("ExpressMD"), states and alleges as follows:

## PARTIES

1. Bosch is a Michigan corporation with its principal place of business at 2400 Geng Road, Suite 200, Palo Alto, California, 94303.

2. ExpressMD is a Delaware corporation with its principal place of business at 300 Connell Drive, Suite 5100, Berkely Heights, New Jersey, 07922.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## INTRADISTRICT ASSIGNMENT

4. This action arises in the County of Santa Clara, because a substantial part of the events or omissions which give rise to the claim occurred in that county, in that Bosch's principal place of business is in Santa Clara County.

## FACTUAL BACKGROUND

### The Patents-in-Suit

5. On December 7, 1999, the United States Patent Office ("PTO") duly and lawfully issued U.S. Patent No. 5,997,476 ("the '476 Patent"), entitled "Networked System for Interactive Communication and Remote Monitoring of Individuals." A true and correct copy of the '476 Patent is attached hereto as Exhibit A.

6. On April 9, 2002, the PTO duly and lawfully issued U.S. Patent No. 6,368,273 B1 ("the '273 Patent"), entitled "Networked System for Interactive Communication and Remote Monitoring of Individuals." A true and correct copy of the '273 Patent is attached hereto as Exhibit B.

7. On November 22, 2005, the PTO duly and lawfully issued U.S. Patent No. 6,968,375 B1 ("the '375 Patent"), entitled "Networked System for Interactive Communication and Remote Monitoring of Individuals." A true and correct copy of the '375 Patent is attached hereto as Exhibit C.

8. On November 2, 2010, the PTO duly and lawfully issued U.S. Patent No. 7,827,040 B2 ("the '040 Patent"), entitled "Patient Control of Health-Related Data in a Remote Patient Monitoring System." A true and correct copy of the '040 Patent is attached hereto as Exhibit D.

9. Bosch is the owner by assignment of each of the Patents-in-Suit.

### ExpressMD's Infringing System

10. On information and belief, ExpressMD makes, sells, offers for sale, and/or uses in the United States a remote health monitoring system, the ExpressMD Solutions system, which includes, but is not limited to, the Express MD Electronic House Call Device and the ExpressMD Web Application, and which can peform at least the following functions:

   a. collect patient vital signs using wired and wireless peripherals, such as scales, blood pressure monitors, glucose meters, pulse oximeters, and CPAP technology;

   b. communicate with web service via cellular, phone line, or Ethernet;

   c. provide questions for the patient to answer to assist the care provider in evaluating the patient's condition;

   d. allow the care provider can remotely customize the session questions provided to the patient by the ExpressMD Electronic House Call;

   e. provide medication reminders to patients and permit care providers to remotely customize such medication reminders;

   f. provide to the patient video disease management education;

   g. allow care providers to manage their patients' care plans in real time.

11. The ExpressMD Solutions system meets all of the limitations of one or more of the claims of the '476, '273, '375, and '040 Patents ("the Patents-in-Suit"), thereby infringing the Patents-in-Suit.

### ExpressMD's Knowledge of the Patents-in-Suit

12. Prior to the filing of this suit, Bosch had informed ExpressMD of the Patents-in-Suit and ExpressMD's infringement of those patents.

13. ExpressMD's infringement of the Patents-in-Suit is willful and deliberate.

### **COUNT I—INFRINGEMENT OF THE '476 PATENT**

14. Bosch reasserts and incorporates herein by reference the allegations set forth in paragraphs 1-13 as though fully set forth herein.

15. ExpressMD has infringed one or more claims of the '476 Patent, either literally or under the doctrine of equivalents, by making, selling, offering to sell, and/or operating its remote health monitoring system in the United States.

16. ExpressMD's infringement of the '476 Patent has been willful and deliberate and will continue unless enjoined by the Court.

17. Bosch has been damaged by ExpressMD's infringing activities and will be injured irreparably unless such activities are enjoined by this Court.

### COUNT II—INFRINGEMENT OF THE '273 PATENT

18. Bosch reasserts and incorporates herein by reference the allegations set forth in paragraphs 1-17 as though fully set forth herein.

19. ExpressMD has infringed one or more claims of the '273 Patent, either literally or under the doctrine of equivalents, by making, selling, offering to sell, and/or operating its remote health monitoring system in the United States.

20. ExpressMD's infringement of the '273 Patent has been willful and deliberate and will continue unless enjoined by the Court.

21. Bosch has been damaged by ExpressMD's infringing activities and will be injured irreparably unless such activities are enjoined by this Court.

### COUNT III—INFRINGEMENT OF THE '375 PATENT

22. Bosch reasserts and incorporates herein by reference the allegations set forth in paragraphs 1-21 as though fully set forth herein.

23. ExpressMD has infringed one or more claims of the '375 Patent, either literally or under the doctrine of equivalents, by making, selling, offering to sell, and/or operating its remote health monitoring system in the United States.

24. ExpressMD's infringement of the '375 Patent has been willful and deliberate and will continue unless enjoined by the Court.

25. Bosch has been damaged by ExpressMD's infringing activities and will be injured irreparably unless such activities are enjoined by this Court.

### COUNT IV—INFRINGEMENT OF THE '040 PATENT

26. Bosch reasserts and incorporates herein by reference the allegations set forth in paragraphs 1-25 as though fully set forth herein.

27. ExpressMD has infringed one or more claims of the '040 Patent, either literally or under the doctrine of equivalents, by making, selling, offering to sell, and/or operating its remote health monitoring system in the United States.

28. ExpressMD's infringement of the '040 Patent has been willful and deliberate and will continue unless enjoined by the Court.

29. Bosch has been damaged by ExpressMD's infringing activities and will be injured irreparably unless such activities are enjoined by this Court.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Robert Bosch Healthcare Systems, Inc. respectfully prays for a judgment:

a. Enjoining permanently ExpressMD Solutions LLC from making, using, selling, or offering to sell its infringing system in the United States;

b. Awarding damages against ExpressMD Solutions LLC for its infringing activities;

c. Declaring the case exceptional and awarding Bosch treble damages, attorneys' fees, costs and expenses in this action pursuant to 35 U.S.C. §§ 284 and 285 because ExpressMD's infringing activities have been willful and deliberate;

d. Awarding pre- and post-judgment interest as provided by law; and

e. Awarding such other relief as is deemed just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury with respect to all counts.

DATED: May 11, 2012                              DORSEY & WHITNEY LLP


By: ___/s/ *Patricia A. Welch*_____
    PATRICIA A. WELCH
    Attorneys for Plaintiff Robert Bosch Healthcare Systems, Inc.