1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  ROBERT BOSCH HEALTHCARE
   SYSTEMS, INC.,

10                                              No. C 12-00068 JSW

            Plaintiff,

11

       v.

12                                              **ORDER GRANTING**
                                                **DEFENDANT'S MOTION TO**
   EXPRESSMD SOLUTIONS, LLC,                    **STAY**

13

            Defendant.

14                                        /

15 AND RELATED COUNTERCLAIMS.

16                                        /

17        Now before the Court is the motion to stay pending reexamination of three of the four

18 patents-in-suit filed by defendant ExpressMD Solutions, LLC ("ExpressMD").  This motion is

19 fully briefed and ripe for decision.  The Court finds this matter is suitable for disposition

20 without oral argument.  *See* N.D. Cal. Civ. L.R. 7-1(b).  Accordingly, the hearing set for March

21 1, 2013 is VACATED.  Having considered the parties' pleadings and relevant legal authority,

22 for the reasons set forth in this Order, the Court grants ExpressMD's motion.

23                                    **BACKGROUND**

24        On January 5, 2012, Plaintiff Robert Bosch Healthcare Systems, Inc. ("Bosch") brought

25 this action for patent infringement of five of its patents, including U.S. Patent Nos. 5,977,476

26 ("the '476 Patent"), 6,368,273 ("the '273 Patent"), and 6,968,375 ("the '375 Patent").  On May

27 11, 2012, Bosch filed an amended complaint, withdrawing its infringement claims with respect

28 to two patents and adding an infringement claim for U.S. Patent No. 7,827,040 (the '040

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    Patent"). ExpressMD moved to dismiss Bosch's claims for willful infringement, which the

2    Court granted. On July 23, 2012, Bosch filed a second amended complaint, alleging

3    infringement of the four patents-in-suit. The '476 Patent, the '273 Patent, and the '375 Patent

4    share overlapping specifications. The '040 Patent expired on November 17, 2012.

5         On September 6, 2012, this action was reassigned to the undersigned. On August 17,

6    2012, ExpressMD filed a motion to limit the number of asserted claims and re-noticed it after

7    this case was reassigned. The Court denied the motion as premature. On September 12, 2012,

8    ExpressMD filed an administrative motion for leave to designate additional claim terms for

9    construction, which the Court denied as well.

10        The Court held a case management conference on January 11, 2013. The Court

11   schedule the tutorial and the hearing for claims construction for June 4 and June 11, 2013,

12   respectively.

13        ExpressMD filed this instant motion on January 22, 2013.

14        On September 6, 2012, Cardiocom, LLC, a defendant against another patent

15   infringement suit brought by Bosch, filed an *ex parte* examination request of all claims of the

16   '273 Patent. The reexamination request was granted by the PTO on December 3, 2012. On

17   September 13, 2012, Cardiocom filed an *inter partes* reexamination request of all claims of the

18   '375 Patent. On December 6, 2012, the PTO granted the request for claims 6-37 and 59-61 of

19   the '375 Patent, but denied reexamination for the other claims of this patent. On January 4,

20   2013, Cardiocom petitioned for supervisory review of the refusal to order reexamination for

21   claims 1-5, 38-58, and 62-97 of the '375 Patent. On January 21, 2013, ExpressMD filed an *ex*

22   *parte* reexamination request of all of the asserted claims of the '476 Patent.

23        Any additional facts will be addressed as necessary in the remainder of this order.

24                                    **ANALYSIS**

25   **A.    Applicable Legal Standards.**

26        The patent reexamination statute provides in pertinent part that "[a]ny person at any time

27   may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any

28   prior art cited under the provisions of section 301." 35 U.S.C. § 302. The PTO must

United States District Court

For the Northern District of California

1  "determine whether a substantial new question of patentability affecting any claim of the patent

2  concerned is raised by the request...." 35 U.S.C. § 303(a).  The reexamination statute further

3  provides that "[a]ll reexamination proceedings ... including any appeal to the Board of Patent

4  Appeals and Interferences, will be conducted with special dispatch." 35 U.S.C. § 305.

5       The determination of whether to grant a stay pending the outcome of the USPTO's

6  reexamination is soundly within the Court's discretion. *See In re Cygnus Telecom. Tech., LLC*

7  *Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Patlex Corp. v. Mossinghoff*,

8  758 F.2d 594, 603 (Fed. Cir. 1985)).  When ruling on such a stay, courts consider several

9  factors: (1) the stage of the litigation, including whether discovery is or will be almost

10 completed and whether the matter has been marked for trial; (2) whether a stay will unduly

11 prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify

12 the issues in question and streamline the trial, thereby reducing the burden of litigation on the

13 parties and on the court. *Id*.  There is a "liberal policy in favor of granting motions to stay

14 proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII*

15 *Corp. v. STD Entertainment*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).  On balance, the Court

16 finds these factors weigh in favor of staying this case.

17 **B.     The Applicable Factors Weigh in Favor of Staying this Litigation.**

18      **1.     The Litigation is Still in the Early Stages.**

19      The early stage of a litigation weighs in favor of granting a stay pending reexamination.

20 *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal.

21 1995) (holding that the absence of "significant discovery" or "substantial expense and time ...

22 invested" in the litigation weighed in favor of staying the litigation); *see also ASCII Corp.*, 844

23 F. Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case

24 had not yet been set for trial).  Despite the fact that this case was filed more than one year ago,

25 it is still in its early stages.  The operative complaint was not filed until July 23, 2013.  Claims

26 construction briefing has not yet been filed, discovery has started but is not completed, and this

27 case has not been set for trial yet.  Bosch concedes that this case is in the early stages, but

28 argues that the fact that several rounds of motion practice have occurred mitigates against

1   issuing a stay.  The Court disagrees and finds that the fact that this case is still in the early

2   stages weighs in favor of granting a stay.  *See Target Therapeutics*, 33 U.S.P.Q.2d at 2023.

3

4   **2.      A Stay Will Not Unduly Prejudice Bosch.**

5        In determining whether to grant a stay, courts consider any resulting undue prejudice on

6   the nonmoving party.  *See In re Cygnus Telecom.*, 385 F. Supp. 2d at 1023; *see also Affinity*

7   *Labs of Texas v. Apple, Inc.*, 2010 WL 1753206, \*2 (N.D. Cal. Apr. 29, 2010) .  The likely

8   length of the reexamination does not generally, by itself, constitute undue prejudice.  *Telemac*

9   *Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).  Similarly, delay in

10  having a party's own claims adjudicated in court does not constitute undue prejudice.  *Research*

11  *in Motion Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal 2008).

12       Without any discussion of any particular pieces of evidence or identifying any

13  witnesses, Bosch argues that because the Food and Drug Administration approved the

14  purportedly infringing device in 2009, any further delay due to the reexamination could

15  significantly impact witness availability and memory.  However, it was Bosch that did not file

16  its suit until 2012.  The Court cannot find that the delay due to the reexamination process, by

17  itself, would cause undue prejudice.

18       Next Bosch argues, again without any supporting evidence, that the parties' status as

19  direct competitors increases the likelihood of undue prejudice.  Bosch argues that establishing

20  market share during this period is especially crucial.  The Court finds that Bosch's claims of

21  irreparable prejudice due the potential of lost market share is undermined by the fact that Bosch

22  has not moved for a preliminary injunction and by the fact that Bosch itself licenses its patents

23  to competitors.

24       Bosch also argues that ExpressMD's delay in moving for the stay compounds the

25  prejudice it would suffer.  Although ExpressMD could have been more diligent in moving for a

26  stay, this is not a case where reexamination was sought on the eve of trial or after protracted

27  discovery.  *Cf. Agar Corp., Inc. v. Multi–Fluid, Inc.*, 983 F. Supp. 1126, 1128 (S.D. Tex. 1997)

28  (finding that "courts are inclined to deny a stay when the litigation is at a later stage, such as

United States District Court
For the Northern District of California

4

1   when the case has been set for trial and the discovery phase has almost been completed"). The

2   Court finds that there is no evidence of dilatory motive or that the delay was excessive.

3   Accordingly, the Court finds that this factor also weighs in favor of granting a stay.

### 3. A Stay Will Simply the Issues, Streamline the Trial, and Reduce the Burden of Litigation on Both the Parties and the Court.

6   The PTO has already granted the applications to reexamine two of the patents-in-suit

7   and an application to reexamine a third is currently pending. The PTO's decision in these

8   reexaminations could simplify the trial to the extent some of the claims are cancelled. To the

9   extent claims survive the reexamination process, the reexamination would "facilitate trial by

10  providing the Court with expert opinion of the PTO and clarifying the scope of the claims."

11  *Target Therapeutics*, 33 U.S.P.Q.2d at 2023; *see also Pegasus Dev. Corp. v. DirecTV, Inc.*,

12  2003 WL 21105073, at \*1-2 (D. Del. May 14, 2003) (noting the benefits of granting a stay

13  pending reexamination include potentially narrowing the issues, reducing the complexity and

14  length of trial, alleviating discovery problems relating to prior art, and encouraging settlement

15  or even dismissal if the patent is declared invalid).

16  The fact that one of the patents-in-suit is not subject to a request for reexamination and

17  that the PTO has rejected reexamining some of the claims of the '375 Patent does not

18  significantly undermine the potential benefits of the reexamination process. Notably, with

19  respect to the '375 Patent, it is not yet clear whether the PTO will examine all of the claims.

20  Although the PTO denied reexamination for claims 1-5, 35-58, and 62-67, Cardiocom

21  petitioned for supervisory review of this determination. Additionally, many of the claims which

22  may not be examined are either dependent upon independent claims that are in reexamination or

23  are very similar to claims that are in examination. With respect to the '040 Patent that is not

24  subject to reexamination, this patent has already expired. Therefore, any potential damages

25  ceased accruing when it expired on November 17, 2012.

26  Furthermore, there is no requirement that reexamination resolve all issues in a case in

27  order to warrant a stay. The Court finds that staying this action pending reexamination would

28  simplify the issues and streamline the trial, thereby reduce the burden on, and preserve the

5

resources of both the parties and the Court.  Therefore, this factor weighs in favor of a stay as well.

## CONCLUSION

For the foregoing reasons, the Court GRANTS ExpressMD's motion to stay.  The Clerk shall ADMINISTRATIVELY CLOSE this case.

The Court HEREBY ORDERS the parties to submit a joint status report regarding the status of the reexamination proceedings every 120 days, until the stay is lifted.  The parties shall provide notice to the Court within one week of final exhaustion of all patent reexamination proceedings relating to the '476 Patent, the '273 Patent, and the '375 Patent, including appeals. In their notice, the parties shall request that the stay be lifted, the matter be reopened, and that a case management conference be scheduled.

**IT IS SO ORDERED.**

Dated: February 27, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California